UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

AMADO C.M.,                                    Case No. 26-CV-0294 (PJS/JFD)

     Petitioner,

v.                                                      ORDER

SAMUEL OLSON, Director of St. Paul
Field Office, U.S. Immigration and
Customs Enforcement;[1] KRISTI NOEM,
Secretary of the U.S. Department of
Homeland Security; PAMELA BONDI,
Attorney General of the United States; in
their official capacities,

     Respondents.

---

Paschal O. Nwokocha, PASCHAL NWOKOCHA LAW OFFICES, LLC, for petitioner.

Ana H. Voss and Friedrich A. P. Siekert, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Amado C.M.'s petition for a writ of habeas corpus.[2]  Amado, a citizen of Mexico, entered the United States unlawfully in 2007.  V. Pet. ¶ 14.  On January 14, 2026, Amado was arrested by United States

---

[1]The Court acknowledges the government's notice that it does not represent any state authority and that David Easterwood, not Samuel Olson, is the acting field office director for the St. Paul field office of U.S. Immigration and Customs Enforcement.

[2]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initials.

Immigration and Customs Enforcement ("ICE") at his place of work in Bloomington,

Minnesota. *Id.* ¶ 15. Amado remains in ICE custody at the Fort Snelling Federal

Building in Minnesota. *Id.* ¶ 17.

Respondents take the position that Amado is subject to mandatory detention

under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under

8 U.S.C. § 1226(a). This position reflects both new interim guidance from ICE and

recent precedent from the Board of Immigration Appeals finding that § 1225, rather

than § 1226, applies to aliens who entered without inspection and have been residing in

the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025)

(discussing the interim guidance); *Matter of Yajure* Hurtado, 29 I. & N. Dec. 216, 229

(BIA 2025).

Following his arrest, Amado filed this habeas action. This is one of numerous

recent cases challenging the application of § 1225(b)(2) to aliens who are unlawfully

living in the United States. This Court recently held that, because such aliens are not

"seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos

M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25,

2025). As the Court has previously noted, although respondents' argument that *Santos

M.C.* was wrongly decided has some force, the Court continues to believe that the better

reading is that § 1225(b)(2) does not apply to aliens, such as Amado, who entered

without inspection and are already present and living in the United States.[3]  The Court

will therefore grant Amado's petition to the extent of ordering that respondents provide

him with a bond hearing under § 1226 and enjoining respondents from applying the

mandatory-detention provision of § 1225(b)(2).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED IN PART

and DENIED IN PART.  Specifically, the Court:

a.      DECLARES that petitioner is not subject to mandatory detention

under 8 U.S.C. § 1225(b)(2) and ENJOINS respondents from

denying release or other relief on the basis that petitioner is subject

to mandatory detention under § 1226(b)(2).

b.      ORDERS respondents to provide petitioner a bond hearing under

8 U.S.C. § 1226(a) within 7 days of the date of this Order.

---

[3]The Court notes that respondents' arguments to the contrary are preserved for appeal.  *See* ECF No. 8 at 3.

c.   ORDERS respondents to keep petitioner in Minnesota until the bond hearing is held so that petitioner may consult with counsel.[4]

d.   If respondents do not provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order, petitioner must be immediately released from detention.

2.   The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 25, 2026                    /s/ Patrick J. Schiltz
                                           Patrick J. Schiltz, Chief Judge
                                           United States District Court

---

[4]According to the petition and petitioner's reply, ECF Nos. 1 and 9, Amado remains in Minnesota.  If Amado was transferred outside of Minnesota during the pendency of the petition, however, he must be immediately returned to Minnesota pursuant to the Court's prior order.  *See* ECF No. 6.